IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
CASE NO.: 9:15-CV-81562-Ryskamp

TINA M. WHITE d/b/a BRILLIANT MINDS
STRATEGIES, INC. and BRILLIANT
MINDS STRATEGIES, INC.

      Plaintiffs,

vs.

SOUTHERN WASTE SYSTEMS, LLC,
A Florida Limited Liability corporation,
ANTHONY LOMANGINO, individually and
ANTHONY BADALA, individually.

      Defendants.

_____/

## SECOND AMENDED COMPLAINT[1]

Plaintiffs TINA M. WHITE and BRILLIANT MINDS STRATEGIES, INC. (collectively, "**Plaintiffs**") by and through undersigned counsel, file their *Second Amended Complaint* and sue the Defendants SOUTHERN WASTE SYSTEMS LLC, Anthony Lomangino, and Anthony Badala (collectively, "**Defendants**") and allege:

## JURISDICTION AND VENUE

1.    Tina M. White is a black female senior citizen doing business as

Brilliant Minds Strategies, Inc., a Palm Beach County Certified Small Business

---

[1] The previously-filed *Second Amended Complaint* [ECF 11] was actually the initial Amended Complaint, but was mislabeled due to a scrivener's error. This document is therefore the correctly-named *Second* Amended Complaint.

1

Enterprise (hereinafter " PBCO Certified SBE") with its principal place of business in Palm Beach County, Florida and a member of a protected class under the operation of 42 U.S.C. 1981.

2.      Southern Waste Systems, LLC (hereinafter "SWS") is a Florida corporation, which operates and conducts business in and has offices located in Palm Beach County, Florida.

3.      Anthony Lomangino is Co-Founder, Chairman and Shareholder of SWS and operates, conducts, engages in and carries on a business or business venture in Florida. As a result, personal jurisdiction is appropriate.

4.      Anthony Badala is General Manager and Shareholder of SWS and operates, conducts, engages in and carries on a business or business venture in Florida. As a result, personal jurisdiction is appropriate.

5.      Venue is proper in this Court because SWS and all of the parties reside and have offices located within Palm Beach County, Florida, and all of the acts described herein occurred within Palm Beach County, Florida.

6.      This Court has jurisdiction over the subject matter herein pursuant to 28 U.S.C. § 1343(4), which confers original jurisdiction upon this Court in a civil action to recover damages or to secure equitable or other relief under any Act of Congress providing for the protection of civil rights, and pursuant to 28 U.S.C. §

1331, which confers original jurisdiction upon this Court in a civil action under the Constitution or laws of the United States.

## GENERAL ALLEGATIONS

7.      Defendant SWS and Defendants Anthony Lomangino Co-Founder, Chairman and Shareholder and Anthony Badala General Manager and Shareholder solicited Plaintiff White in October 2012, as a consultant to develop and implement new business development strategies in the municipality of Delray Beach, exclusively based upon the Defendants' first-hand knowledge of Plaintiff White's expertise, successful performance record, and notable highly regarded reputation in the solid waste and recycling collections services industry in Palm Beach County.

8.      At all times material and relevant, the Defendant SWS and Defendants, Anthony Lomangino and Anthony Badala, promised and represented to the Plaintiff that she would be compensated for consulting services to develop and implement new business strategies in the municipality of Delray Beach, and by their conduct formed a relationship, which was contractual in nature for new business development consulting services.

9.      As a direct result of the strategies and lobbying efforts of the Plaintiff, the City of Delray elected officials voted to reconsider the City's existing solid waste agreement with Waste Management and in June 2013 the City initiated a

3

lawsuit to void the existing solid waste and collection agreement with Waste Management.

10.     Defendant SWS and Defendants Anthony Lomangino and Anthony Badala  have steadfastly refused and continue to refuse to compensate the Plaintiff for consulting services, which directly resulted in Defendant SWS winning and executing a contract conservatively valued  at $84.9 million dollars.

11.      Plaintiffs White and Brilliant Minds Strategies, Inc., has performed all of the conditions precedent to be performed to bring this action or the same have been waived.

12.     Plaintiffs White and Brilliant Mind Strategies, Inc.  has been required to obtain counsel to pursue this claim and have agreed to pay attorney a reasonable fee for services.

13.     Defendants have routinely compensated businesses who are not members of a protected class under the operation of 42 U.S.C. 1981 and who have provided the same or similar professional services to the Defendant as provided by the Plaintiff.

14.     The Plaintiff's race was a motivating and determinative factor in the Defendant SWS and Defendants Anthony Lomangino and Anthony Badala's decisions to not compensate Plaintiff for the services provided by the Plaintiff.

## COUNT I- BREACH OF CONTRACT

15.     The Plaintiff adopts and re-alleges the contents of paragraphs 1 through 14 above.

16.     On October 1, 2012, Defendant SWS and Defendants Anthony Lomangino and Anthony Badala entered into an oral agreement with the Plaintiffs to provide new business development and strategies to bring about the reconsideration of the existing solid waste and recycling services agreement with Waste Management.

17.     In October 2012,  Defendant Anthony Badala  during a telephone conversation with Plaintiff specifically  promised Plaintiffs that if Plaintiffs efforts were successful in getting Delray  Beach  to reconsider the no bid 65 million dollar award to Waste Management,  SWS would pay  Plaintiff $400,000.

18.     In October 2012, after Plaintiffs' telephone conversation with Anthony Badala concerning reconsideration of the Waste Management  award, Anthony Lomangino  via  telephone assured Plaintiffs that Plaintiffs would get the $400,000 if Plaintiffs' efforts were successful  in getting Delray Beach  to reconsider  the no bid 65 million award to Waste Management.

19.     In October 2012 Defendant SWS and Defendants Anthony Lomangino and Anthony Badala outlined and agreed that the initial scope of Plaintiffs'  services for the municipality of Delray Beach was  to consult and

5

develop new business strategies to persuade and convince the governing officials of the City of Delray to reconsider the City's existing solid waste agreement with Waste Management in order that the Defendants could competitively bid against Waste Management to provide solid waste services to the City.

20.    Based upon the existing contractual business relationship between the parties, the Plaintiffs had no reasons to distrust Defendants', SWS, Anthony Lomangino and Anthony Badala promises and representations to execute another subsequent contract for Plaintiffs' services given that Plaintiffs had previously entered into a prior written agreement in July 2012 signed by Anthony Badala related to an unrelated matter for which she was fully compensated with a check issued to Brilliant Minds Strategy, Inc.

21.    In October 2012, after Plaintiff's telephone conversation with Defendant Anthony Badala concerning reconsideration of the Waste Management's executed contract, Defendant Anthony Lomangino via telephone endorsed the $400,000 compensation as discussed with Defendant Badala, if Plaintiff persuaded the elected officials of Delray Beach to reconsider the no bid $65 million dollars executed contract with Waste Management with renewals into perpetuity.

22.    In May 2013, at the Plaintiffs' suggestion, SWS Vice President John Casagrande attended a meeting Plaintiffs arranged with Commissioner Shelly

Petrolia were Plaintiff discussed the advantages of the City is soliciting for solid waste and recycling services for the first time in ten (10) years.

23.    In May 2013 as a result of the Plaintiff's meeting with Commission Shelly Petrolia, one (1) day later she called the vote in a publicly notice City Commission meeting, to contract with an outside law firm to determine the City's legal standing, to file a lawsuit against Waste Management, to void their existing $65 million dollars contract, executed in September 2012.

24.    As a direct result of the efforts of the Plaintiffs to elected officials, the City of Delray voted to reconsider the existing agreement for solid waste and recycling services by initiating a lawsuit to void that agreement.

25.    In May 2013 as a direct result of the Plaintiff's efforts and implemented strategies d/b/a Brilliant Minds Strategies, Inc., Waste Management's no bid $65 million dollars contract was reconsidered by the City of Delray Beach's elected officials.

26.    The agreed upon oral contract to bring about the reconsideration of the existing solid waste and recycling services agreement with Waste Management was completed in less than one year, to wit: approximately within eight months.

27.    As a direct result of the elected officials of the City of Delray's decision to reconsider the existing solid waste agreement with Waste Management,

the Defendant SWS obtained a multiple year contract conservatively valued at

$84.9 million dollars with the municipality of Delray Beach on March 9, 2015.

28.    In May 2013 Plaintiff recommended to the City of Delray Beach city

manager and elected officials at the suggestion of Defendant Anthony Lomangino,

to consider hiring Attorney Jamie Cole, a partner in the law firm of Weiss Serota

Helfman Cole & Bierman to determine the City's legal standings to void Waste

Management's contract.

29.    In July 2014, Defendants Anthony Lomangino and Anthony Badala

both  agreed to compensate the Plaintiffs for Plaintiffs services in the amount of

$1.5 million dollars if Plaintiffs assisted them in the bid process and SWS was

awarded the contract.  The existing contract with Waste Management was

reconsidered by the City of Delray.

30.    In July 2014 as a direct result of the Plaintiffs' efforts and

implemented strategies d/b/a Brilliant Minds Strategies, Inc., the City of Delray

Beach outside law firm-Weiss Serota Helfman Cole & Bierman, filed a lawsuit

against Waste Management, Inc. to void their no bid $65 million dollar contract

with renewals into perpetuity, in the circuit court 15th Judicial Circuit Court in and

for Palm Beach County, Case Number CA2013011392XXXXMB.

31.    Plaintiff completed Defendants' oral contract scope of services in less

than twelve (12) months.

32.     Defendant SWS and Defendants Anthony and Anthony Badala have not compensated the Plaintiffs for Plaintiffs services and as a result the Plaintiffs have been damaged.

33.     In October 2012 Defendants Anthony Badala and Anthony Lomangino, representing Defendant SWS, solicited the professional consulting services of the Plaintiff d/b/a Brilliant Minds Strategies.

34.     In October 1, 2012, Defendants Anthony Lomangino and Anthony Badala representing Defendant SWS, entered into an oral contract for twelve (12) months with the Plaintiff d/b/a Brilliant Minds Strategies, Inc., and agreed to pay the Plaintiff $400,000.

35.     In October 2012, Defendant SWS through representatives Defendants Anthony Lomangino and Anthony Badala outlined the Plaintiff's scope services, which was to convince the elected officials of Delray Beach to reconsider the solid waste and recoverable materials collections services contract executed with Waste Management, Inc. in September 2012.

36.     In October 2012, Defendant Anthony Badala during a telephone conversation with Plaintiff specifically promised that if Plaintiff's' efforts were successful in getting Delray Beach's elected officials to reconsider the no bid $65 million dollar contract executed with Waste Management, Defendant SWS would pay the Plaintiff $400,000.

37.     In October 2012, after Plaintiff's telephone conversation with Defendant Anthony Badala concerning reconsideration of the Waste Management's executed contract, Defendant Anthony Lomangino via telephone endorsed the $400,000 compensation as discussed with Defendant Badala, if Plaintiff persuaded the elected officials of Delray Beach to reconsider the no bid $65 million dollars executed contract with Waste Management with renewals into perpetuity.

38.     Based upon the existing contractual business relationship between the parties, the Plaintiff had no reasons to distrust Defendants Anthony Lomangino and Anthony Badala's promises and representations, for Defendant SWS to execute another subsequent contract with the Plaintiff; given that Plaintiff had a current written contract dated July 3, 2012 through July 2, 2014 executed  by Defendant Anthony Badala, unrelated to the City of Delray Beach, in which Defendant SWS had demonstrated compensating with monthly checks issued to Brilliant Minds Strategies, Inc.

39.     In May 2013 at the Plaintiff's suggestion, Defendant SWS' Vice President John Casagrande attended a meeting planned by the Plaintiff with the City of Delray Beach newly elected Commissioner Shelly Petrolia, to discuss the advantages of the City soliciting for solid waste and recoverable materials services for the first time in thirteen (13) years.

40.     In May 2013 as a result of the Plaintiff's meeting with Commission Shelly Petrolia, one (1) day later she called the vote in a publicly notice City Commission meeting, to contract with an outside law firm to determine the City's legal standing, to file a lawsuit against Waste Management, to void their existing $65 million dollars contract, executed in September 2012 in violation of the City's Procurement Ordinance 36.02.

41.     In May 2013 as a direct result of the Plaintiff's efforts and implemented strategies d/b/a Brilliant Minds Strategies, Inc., Waste Management's no bid $65 million dollars contract was reconsidered by the City of Delray Beach's elected officials.

42.     In May 2013 Plaintiff recommended to the City of Delray Beach city manager and elected officials at the suggestion of Defendant Anthony Lomangino, to consider hiring Attorney Jamie Cole, a partner in the law firm of Weiss Serota Helfman Cole & Bierman to determine the City's legal standings to void Waste Management's contract.

43.     In July 2014 as a direct result of the Plaintiff's efforts and implemented strategies d/b/a Brilliant Minds Strategies, Inc., the City of Delray Beach outside law firm-Weiss Serota Helfman Cole & Bierman, filed a lawsuit against Waste Management, Inc. to void their no bid $65 million dollar contract with renewals into perpetuity, in Palm Beach County 15th Judicial Circuit Court,

11

Case Number CA2013011392XXXXMB, which violated the City's Procurement Ordinance 36.02.

44.    Plaintiff completed Defendants' oral contract scope of services in less than twelve (12) months, and in accordance with Florida Statute of Fraud, Ann. 725.01

WHEREFORE Plaintiffs, White and Brilliant Minds Strategies, demand judgment against Defendant SWS and Defendants Anthony Lomangino and Anthony Badala for damages in the amount of $3.406 million dollars, and to award the Plaintiffs' costs and attorney fees and for such other further relief as the court deems appropriate.

### COUNT II- PLAINTIFF'S CLAIM FOR IMPLIED CONTRACT

45.    The Plaintiffs adopt and re-allege the contents of paragraphs 1 through 44 herein above.

46.    In July 2014, Defendant SWS represented by Defendants Anthony Badala and Anthony Lomangino, and Plaintiff d/b/a Brilliant Minds Strategies, Inc. by their interaction and conduct formed a relationship which was contractual in nature, whereby the Defendants agreed to compensate the Plaintiff in the amount of $1.5 million dollars, if Plaintiff would exclusively represent SWS in obtaining a multi-year solid waste collection agreement with the City of Delray.

47.     In July 2014 Defendant SWS through representatives Defendants Anthony Lomangino and Anthony Badala further agreed to contract and compensate Plaintiff d/b/a Brilliant Minds Strategies, Inc., for professional consulting services as their contract administrator and recycling education manager in the annual amount of $125,500; if awarded a multi-year solid waste collection contract with the City of Delray. The Defendants agreed that the terms of this contract were to be identical to the terms of any and all contracts Defendants executed with the City of Delray Beach.

48.     Based upon the conduct of the parties in the past business agreements relating to both oral and written agreements for services and compensation for the same which existed between the parties, the Plaintiffs had no reasons to distrust Defendants Anthony Lomangino and Anthony Badala's promises and representations concerning agreed upon compensation for her services to execute a another subsequent contract for Plaintiffs services.

49.     From July 2014 through March 9, 2015 the Defendant SWS through Defendants Anthony Lomangino and Anthony Badala employed the Plaintiffs to:

a.   Consult with SWS representatives and develop new business strategies to implement specifically in pursuit of a solid waste and recycling collections services multiple year contract with the municipality of Delray Beach.  Started July 2014 completed March 2015.

b. Establish relationships with taxpayers/voters, non-profits, public and charter schools, local businesses, churches, public library and people of influence, who would be supportive of Defendant SWS, when a new competitive public bid was advertised and awarded. Started October 2014 completed February 2015.

c. Develop relationships with elected officials to influence their decisions to issue a competitive bid for solid waste and recycling collections services.  Started July 2014 completed October 2014.

d. Develop relationships with elected officials to support Defendant SWS when a competitive bid for solid waste and recycling collections services was to be advertised and awarded. Started July 2014 completed October 2014.

e. Influence elected officials to eliminate and/or reduce Pre-Qualifying minimum experience qualifications, customarily published in public bids' specifications, which has precluded Defendant SWS from competing for other municipal and county public solicitations since becoming a Florida Registered Limited Liability Corporation in1999. Started July 2014 completed October 2014.

f. Help prepare public bid documents and oral presentations if and when advertised.  Started October 2014 completed February 2015.

g. Implement strategies for public bid documents and oral presentations to eliminate competitors from securing the contract during the competitive bid process. Started July 2014 completed February 2015.

h. Represent Defendant as their contract administrator and recycling education manager if contract executed with municipality. SWS won the contract in June 2015.

50.     As a direct result of Plaintiffs efforts the Defendant SWS was awarded  a profitable seven (7) year solid waste and recycling collections services contract with the municipality of Delray Beach conservatively valued at $84.9

14

million dollars with annual CPI adjustments from June 1, 2015 through May 30, 2022; and an extension clause for five (5) years.

51.    Despite the contract award by the City of Delray, the Defendant SWS has refused to pay the agreed upon compensation for exclusively representing SWS to obtain the solid waste collection agreement and has refused to employ the Plaintiff as the contract administrator and consultant as agreed.

52.    At all times relevant and material Plaintiffs White  and Brilliant Mind Strategies, Inc., has in fact represented to  Defendant SWS the ability and willingness to performed the agreed  services as the contract administrator and manager.

53.    Based upon the conduct of the parties in past business agreements, relating to both oral and written contracts for services and compensation for the same which existed between the parties, the Plaintiff had no reasons to distrust Defendants Anthony Lomangino and Anthony Badala's promises and representations, concerning agreed upon compensations in subsequent contracts for Plaintiff's services.

54.    Despite the $84.9 million dollars contract executed on March 9, 2015 with the City of Delray, the Defendant SWS has refused to pay the agreed upon

compensation of $1.5 million dollars for exclusively representing SWS to obtain the multi-years solid waste and recoverable materials collection services contract.

55.    Despite the $84.9 million dollars contract executed on March 9, 2015 with the City of Delray, the Defendant SWS has refused to pay the agreed upon compensation and has refused to employ the Plaintiff as the contract administrator and consultant in the annual amount of $125,500 for seven (7) years from June 1, 2015 through May 30, 2022, with an extension clause for another five (5) years from June 1, 2022 through May 30, 2027.

56.    At all times relevant and material Plaintiffs White d/a/b Brilliant Mind Strategies, Inc., has in fact represented to Defendant SWS the ability and willingness to perform the agreed services as their contract administrator and recycling education manager.

57.    The actions of the Defendants have caused the Plaintiff d/b/a Brilliant Minds Strategies, Inc. to suffer damages.

WHEREFORE, Plaintiffs White   and Brilliant Minds Strategies, Inc., demands judgment against the Defendant SWS for reasonable compensation, prejudgment interest, reasonable attorney's fees the costs of bringing this action and for such further relief as the court deems appropriate in the premises.

## COUNT III-CLAIM FOR QUANTUM MERUIT

58.    The Plaintiffs adopts and re-alleges the contents of paragraphs 1

through 57 herein above.

59.    Plaintiff d/b/a Brilliant Minds Strategies from July 2014 through

March 9, 2015 at the specific requests of the Defendants Anthony Lomangino and

Anthony Badala, exclusive performed the following professional consulting

services on behalf of Defendant SWS, in pursuit of a multi-year contract with the

municipality of Delray Beach:

a.   Consult with SWS representatives and develop new business strategies to implement specifically in pursuit of a solid waste and recoverable materials collections services multiple-years contract with the municipality of Delray Beach. Started July 2014 completed March 2015.

b. Establish relationships with taxpayers/voters, non-profits, public and charter schools, local businesses, churches, public library and people of influence, who would be supportive of Defendant SWS, when a new competitive public bid was advertised and awarded. Started October 2014 completed February 2015.

c. Develop relationships with elected officials to influence their decisions to issue a competitive bid for solid waste and recycling collections services.  Started July 2014 completed October 2014.

d. Develop relationships with elected officials to support Defendant SWS when a competitive bid for solid waste and recycling collections services was to be advertised and awarded. Started July 2014 completed October 2014.

e. Influence elected officials to eliminate and/or reduce Pre-Qualifying minimum experience qualifications, customarily published in public bids' specifications, which has precluded Defendant SWS from competing for other municipal and county public solicitations since becoming a Florida Registered Limited Liability Corporation in1999. Started July 2014 completed October 2014.

17

f. Help prepare public bid documents and oral presentations for RFP 2014-38. Started October 2014 completed February 2015.

g. Implement strategies for RFP 2014-38 and oral presentations to eliminate competitors from securing the contract during the competitive bid process. Started July 2014 completed February 2015.

h. Prepared to represent Defendant SWS as their contractor administrator and recycling education manager for executed contracted valued at $84.9 million dollars from June 1, 2015 through May 30, 2022 and if contract extended from June 1, 2022 through May 30, 2027.  SWS won the contract in June 2015.

60.     Defendant SWS through representatives Defendants Anthony Lomangino and Anthony Badala from July 2014 through March 2015 repeatedly promised and represented to compensate Plaintiff d/b/a Brilliant Minds Strategies, Inc. for the development and implementation of new business development strategies in the municipality of Delray Beach on their behalf in the dollar amount of $1.5 million dollars.

61.     Defendant SWS through representatives Defendants Anthony Lomangino and Anthony Badala from July 2013 through March 2015 repeatedly promised and represented to compensate Plaintiff d/b/a Brilliant Minds Strategies, Inc. in the annual amount of $125,500 for the professional services of contract administrator and recycling education manager for the same time periods; if Defendant executed multi-year contract with the municipality of Delray Beach.

62.     The Plaintiffs has performed all of the services agreed to  and designated by Defendants and the Defendants have substantially benefitted and

been enriched in the amount of $84.9 million dollars by the services Plaintiffs provided to the Defendants which resulted in a multi-year solid waste collection agreement in the municipality of Delray Beach, Florida.

63.     Defendant SWS and Defendants Anthony Lomangino and Anthony Badala acquiesced in the provision of services by Plaintiff White d/b/a Brilliant Minds Strategies, Inc., and all were aware that the Plaintiff expected to be paid the dollar amount of $1.5 million dollars.

64.     Defendant SWS and Defendants Anthony Lomangino and Anthony Badala acquiesced in the provision of services by Plaintiff White d/b/a Brilliant Minds Strategies, Inc., and all were aware that the Plaintiff expected to be paid in the annual dollar amount of $125,500 as their contract administrator and recycling education managers for each year of their contract with the City of Delray.

65.     The Plaintiff has performed all of the services agreed to and designated by Defendants, and the Defendants have substantially benefitted and been enriched in the amount of $84.9 million dollars by the services the Plaintiff d/b/a Brilliant Minds Strategies, Inc. provided to the Defendants, which resulted in a multi-year solid waste and recoverable materials collection services contract with the municipality of Delray Beach.

66.     The Plaintiffs has conferred upon Defendant SWS and Defendants Anthony Lomangino and Anthony Badala, with the Defendants' knowledge, a

substantial financial benefit which the Defendants has acknowledged, accepted, and appreciated, and the retention of the benefits received and accepted by the Defendants under these circumstances, makes it inequitable without compensation to the Plaintiff for the benefits provided.

67.    Plaintiff White has no other adequate remedy at law.

WHEREFORE Plaintiffs White  and Brilliant Minds Strategies, Inc. demands judgment against the Defendant SWS and Defendants Anthony Lomangino and Anthony Badala for reasonable compensation for the benefits provided and to award the Plaintiff's costs and attorney's fees and for such other further relief as the court deems appropriate.

## **COUNT IV- CLAIM FOR FRAUD IN THE INDUCEMENT**

68.    The Plaintiffs adopts and re-alleges the contents of paragraphs 1 – 67 herein above.

69.    At all times relevant and material the Defendants SWS, Anthony Lomangino and Anthony Badala made false promises and representations to compensate Plaintiff White d/b/a Brilliant Mind Strategies, Inc. in the amount of $400,000, if she would exclusively work for Defendants to persuade the City of Delray Beach's elected officials to reconsider Waste Management's no bid contract executed September 2012.

70.     At all times relevant and material the Defendants SWS, Anthony Lomangino and Anthony Badala made false promises and representations to compensate Plaintiff White d/b/a Brilliant Mind Strategies, Inc. in the amount of $1.5 million dollars, if she would exclusively work for Defendants to obtain multi-year contract with the City of Delray Beach for the collections of solid waste and recoverable materials services.

71.     At all times relevant and material the Defendants SWS, Anthony Lomangino and Anthony Badala made false promises and representations to compensate Plaintiff White d/b/a Brilliant Mind Strategies, Inc. in the annual amount of $125,000 for the professional consulting services of their contract administrator and recycling education manager, if she would exclusively work for Defendants to obtain a multi-year solid waste collections and recoverable materials contract with the City of Delray Beach.

72.     At all times material and relevant, the Defendants SWS, Anthony Lomangino and Anthony Badala's promises and presentations to compensate the Plaintiff for services were made for the purpose of inducing the Plaintiff to exclusively represent, and work for the Defendant SWS to obtain a profitable seven (7) year solid waste and recycling collections services contract with the municipality of Delray Beach valued at $84.9 million dollars, with annual CPI adjustments from June 1, 2015 through May 30, 2022; and an extension clause for

21

five (5) years with annual CPI Adjustments from June 1, 2022 through May 30, 2027.

73.    At all times material and relevant the Defendants  SWS, Anthony Lomangino and Anthony Badala knew the representations to compensate the Plaintiff were false.

74.    The Defendants SWS,  Anthony Lomangino and Anthony Badala have  in bad faith refused and continue to refuse to compensate the Plaintiff as agreed.

75.    At all times material and relevant, the Defendants SWS, Anthony Lomangino and Anthony Badala knew their false promises and representations would induce the Plaintiff to act exclusively on behalf of Defendant SWS to obtain a multiple year solid waste and recycling collections services contract with the City of Delray.

76.    As a result of the Defendants, SWS, Anthony Lomangino and Defendant Anthony Badala misrepresentations and the current refusal to compensate the Plaintiffs for services as agreed, the Plaintiffs have been injured and has suffered damages.

WHEREFORE Plaintiffs White and Brilliant Mind Strategies, Inc. demand judgment against Defendant SWS and Defendants Anthony Lomangino and

22

Anthony Badala for damages, prejudgment interest, reasonable attorney's fees, the costs of bringing this action and for such further relief as the court deems appropriate in the premises.

**COUNT V- 42 USC 1981 CLAIM FOR IMPAIRMENT OF CONTRACT RIGHTS BASED UPON RACE**

77.     The allegations of paragraphs 1-76 are re-alleged and incorporated herein.

78.     This is an action for declaratory, injunctive and other equitable relief, and compensatory and punitive damages against Defendants based on the Defendants' discrimination against the Plaintiffs, in violation of 42 U.S.C. § 1981, which provides in pertinent part:

(a)     "Statement of equal rights"
All persons within the jurisdiction of the United States shall have the same right in every State and Territory to make and enforce contracts, to sue, be parties, give evidence, and to the full and equal benefit of all laws and proceedings for the security of persons and property as is enjoyed by white citizens, and shall be subject to like punishment, pains, penalties, taxes, licenses, and exactions of every kind, and to no other.


(b)     "Make and enforce contracts" defined
For purposes of this section, the term "make and enforce contracts" includes the making, performance, modification, and termination of contracts, and the enjoyment of all benefits, privileges, terms, and conditions of the contractual relationship.


(c)     "Protection against impairment"

23

The rights protected by this section are protected against impairment by nongovernmental discrimination and impairment under color of State law.

79.   That given that Defendant SWS is a nongovernmental entity Plaintiffs WHITE and BRILLIANT MINDS can invoke protection of Section 1981 under section (c) when they are discriminated against by a nongovernmental entity such as Defendant SWS and there is no requirement that the discriminating nongovernmental entity do so under color of State law.

80.   That Plaintiffs White and Brilliant Minds Strategies, Inc., sought and in fact enjoyed the benefit of a contractual relationship with Defendant SWS.

81.   Plaintiff Tina M. White, an African American woman, is the owner of Brilliant Minds Strategies, Inc., a minority corporation.

82.   Plaintiff, White and her corporation, Brilliant Minds Strategies, Inc., are the sole African American consulting/lobbying firm in the solid waste industry in and around Palm Beach County, Florida and were initially sought out by Defendants to provide a number of consulting/lobbying services.

83.   Plaintiffs performed the agreed upon services for Defendants and Defendants failed to compensate Plaintiffs.

84.   That to the extent that Defendant SWS failed to compensate Plaintiffs, White, the individual, and Brilliant Minds Strategies, Inc., the corporation, Plaintiffs are essentially the same and Plaintiffs have standing to pursue damages

from this injury.

85.   White is an African-American female and a member of a protected class under Sections 1981 and 1983.

86.   Brilliant Minds is a racially identified African American Corporation and is a member of a protected class under Sections 1981 and 1983.

87.   Plaintiffs contend that after performing the alleged agreed upon services, Defendant SWS, failed to compensate Plaintiffs and hired a white consulting/lobbying firm.

88.   The Plaintiff, White's race was a determinative, motivating factor in Defendant SWS's decision not to compensate White and Brilliant Minds Strategies, Inc. for the performance of services rendered.

89.   The Plaintiff, Whites' race and sex as an African American woman were motivating factors in the SWS's decision not to compensate plaintiffs.

90.   The Plaintiff, Whites' race and sex as an African American woman were motivating factors in the SWS's decision to terminate the services of Plaintiffs.

91.   The Plaintiff, Whites' race and sex as an African American woman were motivating factors in the SWS's decision to replaced Plaintiffs with a white consulting/lobbying firm.

WHEREFORE, Plaintiffs respectfully request this Court grant the following

relief:

      a.    Enter a judgment that Defendants' acts and practices as set forth herein are in violation of 42 U.S.C. § 1981;

      b.    Enter preliminary and permanent relief enjoining the discriminatory conduct necessary to end both Defendants' discriminatory practices and prevent current and future harm to Plaintiffs and others;

      c.    Award Plaintiffs compensatory damages for past and future economic and non-economic losses, including extreme emotional distress and mental anguish, impairment of the quality of life; and consequential loses; lost wages any lost benefits that resulted from the Defendants' discrimination;

      d.    Award Plaintiffs exemplary and/or punitive damages against Defendant SWS;

      e.    Award Plaintiffs with the costs of this action, including the fees and costs of experts, together with reasonable attorneys' fees;

      f.    Grant Plaintiffs such other and further relief as this Court deems necessary and proper.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs, TINA M. WHITE and BRILLIANT MIND STRATEGIES, INC. respectfully request that this Court grant the following relief:

      a.    Enter a judgment that Defendants SWS, Anthony Lomangino and Anthony Badala for the acts and practices as set forth herein are in violation of the Title VII of the Civil Rights Act of 1964, as amended by the Civil Rights Act of 1991 the laws of the United States.

      b.    Enter preliminary and permanent relief enjoining the discriminatory conduct necessary to end Defendant SWS and Defendants Anthony Lomangino

and Anthony Badala's discriminatory practices and prevent current and future harm to Plaintiffs White, Brilliant Minds Strategies, Inc. and others;

     c.     Award Plaintiffs compensatory damages for past and future economic and non-economic losses, including extreme emotional distress and mental anguish, impairment of the quality of life; and consequential loses; lost wages and any lost benefits that resulted from the Defendant SWS and Defendants Anthony Lomangino and Anthony Badala's discriminations;

     d.     Award Plaintiffs exemplary and/or punitive damages;

     e.     Award Plaintiffs with the costs of this action, including the fees and costs of experts, together with reasonable attorneys' fees; and

     f.     Grant Plaintiffs such other and further relief as this Court finds necessary and proper.

## JURY DEMAND

The Plaintiffs demand a trial by jury on all issues so triable in this action.

(INTENTIONALLY LEFT BLANK)

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY on February 19, 2016 the herein document was e-filed with the Clerk of Court via CM/ECF. I further certify a copy of the foregoing was furnished via ECF to Defendants' counsel Brian Joslyn, Esq., at bjoslyn@ciklinlubitz.com.

LAW OFFICES OF GARY, WILLIAMS,
PARENTI, WATSON & GARY, PLLC
Attorneys for Plaintiff
Waterside Professional Building
221 S.E. Osceola Street
Stuart, FL 34994
**Telephone**: (772) 283-8260
**Facsimile**: (772) 220-3343
**E-mail**: larry@williegary.com

BY:       /s/ Larry A. Strauss
        DONALD N. WATSON
        Florida Bar No. 324442
        VICTOR G. SWIFT
        Florida Bar No. 71048
        LARRY A. STRAUSS
        Fla. Bar No. 0654671

LAW OFFICE OF ANDREW
DEGRAFFENREIDT, III
Attorney for Plaintiff
319 Clematis Street, Suite 602
West Palm Beach, FL 33401
**Telephone**: (561) 596-6420
**E-mail**: adegraffenreidt@gmail.com

BY:       /s/ Andrew DeGraffenreidt, III
        ANDREW DEGRAFFENREIDT, III
        Fla. Bar No. 0218121

28