## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF FLORIDA
## CASE NO.: 15-81562-CIV-RYSKAMP

**TINA M. WHITE D/B/A/ BRILLIANT
MINDS STRATEGIES, INC., et al.**

        **Plaintiffs,**

**vs.**

**SOUTHERN WASTE SYSTEMS, LLC, a
Florida Limited Liability Corporation and
ANTHONY LOMANGINO and
ANTHONY BADALA, Individually,**

        **Defendants.**

_____/

### DEFENDANTS' MOTION TO DISMISS PLAINTIFFS' SECOND AMENDED COMPLAINT AND INCORPORATED MEMORANDUM OF LAW

**COMES NOW** the Defendants, Southern Waste Systems, LLC, ("SWS"), Anthony Lomangino ("Lomangino") and Anthony Badala ("Badala") by and through their undersigned counsel, and file this Motion to Dismiss Plaintiffs' Second Amended Complaint and Incorporated Memorandum of Law, saying that:

### FACTS

1.    Plaintiffs, Tina M. White ("White") and Brilliant Minds Strategies ("Brilliant Minds"), a Palm Beach County Certified Small Business Enterprise, allege that the Defendants entered into an oral agreement with Plaintiffs in October of 2012 to provide new business development strategies, designed to bring about the reconsideration of the existing solid waste and recycling services agreement the municipality of Delray Beach had with Waste Management.

2.     Plaintiffs allege that by their conduct, Defendant's formed a contractual relationship with Plaintiffs, and agreed to compensate Plaintiffs for business development consulting services rendered. This action arises out of Plaintiffs allegations that they rendered the required consulting services performed, which directly resulted in Defendant SWS executing a solid waste agreement with the City of Delray Beach on March 9, 2015. Plaintiffs further alleged Defendants failed to pay Plaintiffs the agreed upon fee and that as result, Plaintiffs have been damaged.

3.     In their Second Amended Complaint,[1] Plaintiffs assert five causes of action against the Defendant: Count I, recovery of damages for Breach of Contract; Count II, recovery of damages for Implied Contract; Count III, recovery of damages in Quantum Meruit; Count IV, recovery of damages for Fraud in the Inducement, and; in Count V, recovery of damages for breach of 42 U.S.C 1981.

## **ARGUMENT**

### ***Count I (Breach of Contract) – Claims For $3.406 Million Should Be Dismissed Or Alternatively, Plaintiff Should Be Required To Make A More Definite Statement***

1.     Plaintiffs allege that on October 1, 2012, they entered into an oral agreement with Defendants SWS, Lomangino and Badala, to provide new business development strategies aimed at bringing about the City of Delray Beach's reconsideration of an existing solid waste agreement between the City and Waste Management. See Pl. 2d Am. Compl., ¶¶ 16-18. Plaintiffs claim Defendants promised to pay them $400,000 dollars if Plaintiffs were successful in getting Delray Beach to

---

[1] Plaintiff's previously filed Second Amended Complaint was in fact the initial Amended Complaint but was mislabeled due to scrivener's error.

reconsider the "no bid 65-million-dollar award" to Waste Management. <u>See</u> Pl. 2d Am. Compl., ¶ 17.

2.      Plaintiffs assert that as a result of their efforts, the City of Delray Beach voted to reconsider their existing solid waste agreement with Waste Management. <u>See</u> Pl. 2d Am. Compl., ¶24.

3.      Plaintiffs also allege that in a separate oral agreement Defendants agreed to pay Plaintiffs $1.5 million dollars if Plaintiffs persuaded the City to sign a new contract with Defendant SWS. <u>See</u> Pl. 2d Am. Compl., ¶29.

4.      However, notwithstanding a total alleged claim of $1.9 million dollars, in their prayer for relief in Count I, Plaintiffs seek total damages in the amount of $3.406 million dollars.

5.      Because Plaintiffs claim to have been promised  a total sum of $1.9 million dollars, Plaintiffs prayer for recovery of $3.406 million dollars is not supported by the allegation of the Complaint and should be dismissed pursuant to Fed. R. Civ. P. 12(b)(6). Alternatively, SWS requests that Plaintiff be required to make a more definite statement of the factual basis for the $3.406 million dollars they claim to be seeking.

### Counts I, II, III, IV, and V, – All Claims for Breach of Contract, By White, Individually Should Be Dismissed for Lack of Standing or Alternatively, Plaintiff should be required to Make a More Definite Statement

1.      Throughout the entirety of the Plaintiffs' Second Amended Complaint, Plaintiff, Tina M. White, makes claims for relief in her individual capacity.  All Individual claims made by White should be dismissed for lack of standing.

2.      White conflates her individual capacity with her corporation's claim under the alleged oral agreement. White makes it clear that her actions and communications with SWS were in a representative capacity for her corporation, Plaintiff, Brilliant Minds; see for example the allegation that, "as a direct result of the Plaintiff's efforts and implemented strategies d/b/a Brilliant Mind Strategies, Inc., Waste Management's no bid $65 million dollars' contract was reconsidered by the City of Delray Beach's elected officials." See Pl. 2d Am. Compl., ¶. 41.

3.      Taken as whole, Plaintiff's allegations assert the existence of an oral contract between Defendants and Brilliant Minds, and that any work performed by Plaintiff, White, was had under the aegis of the corporation.

4.      Any breach of contract by SWS, as alleged by the Plaintiff, are a direct result of Defendants not paying Brilliant Minds for its work. Claims made by White, individually, should be dismissed for lack of standing because an action to redress injuries to a corporation can only be brought in the name of the corporation. KMS Rest. Corp. v. Wendy's Int'l, Inc., 361 F.3d 1321, 1325 (11th Cir. 2004); Stevens v. Lowder, 643 F.2d 1078, 1080 (5th Cir. 1981).

5.      Accordingly, to the extent that any claims for damages are made by Plaintiff White in her individual capacity, such claims should be dismissed or in the alternative, Plaintiffs should be required to more definitively allege how each of the named Plaintiffs are entitled to recover damages premised on a breach of the same contract.

### Counts II, III, and IV - Portions of the Claims should be dismissed for violation of Florida's Statute of Frauds.

1.      In Counts II, III and IV, Plaintiffs allege Defendants agreed to pay Plaintiffs the sum of $125,000 annually over the 7-year life of the SWS contract with the City of Delray Beach, as well as, for the 5-year extension. These claims should be dismissed for violation of the statute of frauds, under Fla. Stat. Ann. § 725.01.

2.      Plaintiffs' allegations make it clear that it was impossible to perform the alleged oral agreement concerning the $125,000 annual payment, within a year as Plaintiffs plainly allege that the oral agreement was a multi-year agreement which could last anywhere from seven (7) to twelve (12) years.  See Pl. 2d Am. Compl., ¶¶ 47, 55, 61 and 71.

3.      Any agreement that cannot be performed within one year must be in writing, or it is barred by the statute of frauds. See Hertz v. Salman, 718 So. 2d 942 (Fla. 3d DCA 1998) ("Claim for breach of oral contract was barred by statute of frauds, where parties intended that oral agreement was not to be performed within space of one year from making thereof"). Thus, the alleged oral contract concerning annual payments of $125,000 over the 7 to 12-year period, is not enforceable as a matter of law.

4.      The allegations of the Second Amended Complaint expressly state that the alleged oral agreement could not have been performed within a year as it was a "multi-year" agreement. See Pl. 2d Am. Compl., ¶¶ 47, 55, 61 and 71; LynkUs Communications, Inc. v. WebMD Corp., 965 So. 2d 1161 (Fla. 2d DCA 2007) (explaining that for the statute of frauds to make an agreement unenforceable, "it must be apparent that it was the understanding of the parties that [the agreement] was not to be performed within a year from the time it was made.").

5

5.     It could not be more clear that the alleged oral argument to pay Plaintiffs $125,000 dollars annually, violates the statute of frauds and should be dismissed with prejudice.

WHEREFORE, Defendants pray that this court dismiss with prejudice, all claims arising out of the alleged oral agreement for compensation in the amount of $125,000 dollars.

### Count V – Claim for Impairment of Contract Rights Based Upon Race should be dismissed pursuant to Fed. R. Civ. P. 12(b)(6)

1.     In Count V, of the Second Amended Complaint, Plaintiffs allege that Defendants violated 42 U.SC. 1981, and seek monetary damages and equitable relief.

2.     However, Plaintiffs fail to set forth any facts to support their Section 1981 claim. As a result, Count V should be dismissed under Fed. R. Civ. P. 12(b)(6).

3.     In order to survive a 12(b)(6) motion to dismiss for a claim alleging discrimination under § 1981, a plaintiff must specifically "allege the events claimed to constitute intentional discrimination, as well as, circumstances giving rise to a plausible inference of racially discriminatory intent." Enola Contracting Services, Inc. v. URS Group, Inc., 2008 WL 506324, at *2 (N.D. Fla. 2008). A complaint consisting of nothing more than naked assertions and setting forth no facts upon which a court could find a violation of Section 1981, fails to state a claim under Rule 12(b)(6). Id.

4.     Count V of Plaintiffs' Second Amended Complaint alleges that Plaintiff, White, as an African American female is a member of protected class under Section 1981 and that Plaintiff's race and sex as an African American woman were motivating

6

factors in SWS's decision to not compensate Plaintiffs,[2] terminate Plaintiffs' services, and to replace Plaintiffs with a white consulting/lobbying firm.  See Pl. 2d Am. Compl., ¶¶ 85-91.

5.     Plaintiffs allegations that race and sex were factors in the Defendants' decision not to compensate Plaintiffs and to terminate Plaintiffs' services, and to replace Plaintiffs them with a white consulting/lobbying firm, are purely conclusory and do not provide the necessary factual basis for a § 1981 claims. Petrano v. Nationwide Mut. Fire Ins. Co., 2013 WL 1325045, at *4 (N.D. Fla. 2013) (dismissing plaintiffs' claim under 42 U.S.C. § 1981, for failure to state a claim upon which relief can be granted, when plaintiffs provided no specific facts to support a finding that the defendants had an intent to discriminate on the basis of race).

6.     Plaintiffs' allegations in Count V are no more than conclusory statements with no specific factual underpinning that would even support a plausible inference of intentional discrimination under Section 1981. As a matter of law, Count V of the Second Amended Complaint should be dismissed. Enola, supra at *1 (dismissing the plaintiff's Section 1981 claim under Fed. R. Civ. P. 12(b)(6) as "bald" and "conclusory," where the plaintiff's complaint alleged no more than that (1) Defendant hired Plaintiff, (2) Defendant tendered partial payment to Plaintiff, and (3) Plaintiff contended that it was discriminated against because Defendant paid its non-minority subcontractors and not Plaintiff).

---

[2] As to the issue of which Plaintiff was the contracting party, see the immediately preceding section of this Motion.

## CONCLUSION

WHEREFORE, Defendants pray that this court enter its order dismissing Plaintiffs' Second Amended Complaint for the reasons set forth above; or alternatively that Plaintiff more definitely set for the basis for Plaintiff, White's individual claims.

## CERTIFICATE OF SERVICE

**WE HEREBY CERTIFY** that the foregoing document was electronically filed with the Clerk of the Court using CM/ECF and that a true and correct copy of the foregoing has been furnished via electronic email to **Andrew DeGraffenreidt, III, Esq.,** adegraffenreidt@gmail.com, 319 Clematis Street, Suite 602, West Palm Beach, Florida 33401, and **Donald Watson, Esq.,** dnw@williegary.com **Victor Swift, Esq.,** vgs@williegary.com; **Larry A. Strauss, Esq.,** larry@williegary.com; 221 S.E. Osceola Street, Stuart, FL 34994 this ___ day of March, 2016.

**Brian B. Joslyn, Esquire**
Florida Bar No. 332496
Ciklin Lubitz & O'Connell
West Palm Beach, Florida 33401
Tel: (561) 832-5900
Fax: (561) 833-4209
Email: bjoslyn@ciklinlubitz.com
        swatts@ciklinlubitz.com
Counsel for Southern Waste Systems, LLC